PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the referee’s report filed pursuant to rules 3-7.5 and 3-7.6 of the Rules Regulating The Florida Bar. The referee recommends finding the respondent attorney, Joel Kauffman, guilty of professional misconduct.
The referee’s findings and recommendations are based on the respondent’s guilty plea and the consent judgment on discipline jointly filed by the respondent and The Florida Bar. The referee’s findings of fact are as follows:
A. Respondent represented the husband in an uncontested dissolution of marriage in May, 1982.
B. Pursuant to instruction from the husband, confirmed by the wife, respondent prepared a response and waiver of appearance to be signed by wife and a stipulation for custody of the couple’s minor children to be signed by both parties. Both parties advised respondent that wife was giving up custody for financial reasons and that she would want custody if and when she reached greater financial stability. Respondent advised them that custody should not be handled on so indefinite a basis, that the stipulation should put custody with husband and that the parties should work out a modification at the appropriate time.
C. Respondent failed to advise the wife expressly that he was not representing her interest.
D. Either respondent or his secretary gave wife the name of an attorney who by arrangement with respondent would sign the stipulation as wife’s attorney. Wife was told she could contact the attorney if she wished. No appointment was made for her, and she never contacted him.
E. A final judgment of divorce was entered on the basis of the stipulation. Wife attended the final hearing.
F. At a later date the wife requested custody of the children from the husband who refused to transfer custody of the children.
G. As a result, it was necessary for the wife to retain counsel and petition for a modification of the final judgment of dissolution.
H. A review of the original pleadings showed the wife as being represented by the lawyer arranged by respondent who never actually saw her.
I. The wife ultimately received custody of the minor children.
J. Respondent was at the time an inexperienced lawyer practicing on a part-time basis. He has since that period of time discontinued the practice in question and has been without subsequent disciplinary problems.
The referee recommended that respondent be found guilty of violating Disciplinary Rule 1-102(A)(5) of the former Florida Bar Code of Professional Responsibility (conduct prejudicial to the administration of justice).
Regarding the matter of discipline, the referee recommended as follows:
I recommend that Respondent be found guilty of misconduct justifying disciplinary measures, and that he be disciplined for all matters as set forth in Section II of this Report, as agreed to by Respondent in his Conditional Guilty Plea for Consent Judgment, to wit:
A. Two years probation, conditioned upon review of Respondent’s divorce cases for a six month period by another *20 attorney. Further conditioned upon Respondent’s enrollment in continuing legal education courses and seminars on family law.
B. Payment of costs incurred by The Florida Bar in bringing this action. Such costs to be paid within thirty (30) days of the date of the Supreme Court’s order imposing discipline, unless such time is extended by the Board of Governors.
We approve the referee’s report and impose the disciplinary measure set forth above.
The costs of this proceeding are taxed against the respondent. Judgment for costs is entered against Joel Kauffman in the amount of $704.45, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.